IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD SMITH, #198-368
    Petitioner

v.                                                   CIVIL ACTION NO. RDB-09-1098

MR. BLOUNT, et al.,
    Respondents

\*\*\*\*\*\*

## **MEMORANDUM OPINION**

Petitioner Ronald Smith, an inmate currently in the custody of the Maryland Division of Corrections, filed this application for habeas corpus relief on April 29, 2009. He asserts that the Maryland Parole Commission denied him due process during revocation proceedings and subjected him to double jeopardy when it issued a corrected commitment order the day after his revocation hearing. Paper No. 1. Respondents have answered the Petition. Paper No. 6. Petitioner has replied. Paper No. 8. Upon review of the pleadings, the undersigned shall deny the Petition and dismiss the case without a hearing. *See generally* Rule 8, *Rules Governing Section 2254 Cases in the United States District Courts.*

Petitioner is serving a total term of twenty-five years without parole commencing July 29, 1988, for robbery. Paper No. 6, Ex. 1, Attachment 1. Petitioner was released on mandatory supervision on March 18, 2005, having had 3,055 diminution credits applied to his July 29, 2013 maximum expiration date for his term of confinement. *Id.*, Attachment 2. On March 22, 2006, a retake warrant was issue for Smith charging Petitioner with violating rules 1, 2, 4, and 8 of his release. *Id.*, Attachment 3. The Commission was notified of additional new arrests on August 23, 2007, an updated statement of charges was attached to the retake warrant. *Id.*, Attachments 4 & 5. Petitioner was returned to the Division of Correction on August 29, 2007. *Id.*, Attachment 6.

Petitioner appeared with counsel before Parole Commissioner Michael Blount for a

revocation hearing on April 1, 2008. *Id.*, Attachment 7. Testimony revealed that on September 20, 2007, Petitioner was convicted of malicious destruction and fourth-degree burglary in the Circuit Court for Baltimore City. Petitioner admitted he had been convicted of the new crimes and had violated rules 4 and 8 of his terms of release. Based on all the evidence presented during the hearing, the Commissioner also found Petitioner in violation of rules 1, 2, and 5 of the terms of his release. *Id.* The Commissioner revoked Petitioner's release, awarded him "street time" credit under Ann. Code of Md. Corr. Serv. Art 7-401(d))(1) from March 18, 2005 to August 27, 2007, and revoked all of Petitioner's diminution credits under Ann. Code of Md. Corr. Serv. Art. 7-504(b)(1). *Id.* Attachment 7. A written decision was issued immediately following the hearing, however the decision did not reflect that Petitioner's diminution credits had been revoked. *Id.* The following day, April 2, 2008, the Commissioner issued a corrected decision reflecting that all of Petitioner's diminution credits had been revoked. *Id.*, Attachment 9.

Here, Petitioner contends the Maryland Parole Commission denied him due process. Paper No. 1. To be entitled to the protections of the Due Process Clause, a person must have a constitutionally protected life, liberty or property interest at stake. The Supreme Court recognized that a liberty interest exists in the context of parole revocation in *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). At a revocation hearing, a parolee is entitled to: written notice of claimed violations of parole; disclosure of evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses; the right to have a neutral and detached hearing body consider revocation; and a written statement by fact-finders as to evidence relied on and the reasons for revoking parole. *Id.* at 489. Although minimum procedural rights were delineated, the Supreme Court recognized that a parole revocation hearing should remain informal to permit receipt of evidence not ordinarily admissible in a criminal

2

trial. *Id.* at 489. In addition, the revocation hearing must be "structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id.* at 484.

Petitioner received all the process due under *Morissey*. His contention that diminution credits were revoked without a hearing is simply not supported by the record. The transcript of the April 1, 2008 revocation hearing clearly indicates the commissioner's decision to revoke Petitioner's diminution credits. Commissioner Blount states, "the dims got to go; all the dims go. You don't commit a new offense while you're in a position of trust." Paper No. 6, Ex. 1, Attachment 7, p . 9. A clerical error was made in the written decision issued on April 1, 2008, which was corrected on April 2, 2008. In further support of this finding of clerical mistake is correspondence attached to the Petition, supplied by Petitioner, wherein the Chief of the Collateral Review Unit of the Public Defender's Office reviewed Petitioner's parole revocation file and advised Petitioner that his attorney's notes reflect the decision of the commissioner was to revoke parole, award street time credit, and revoke all diminution credits. Paper No. 1, Attachments. The issuance of a corrected decision does not violate the principles set out in *Morissey*.

Regarding Petitioner's claim that the issuance of the corrected order violated the double jeopardy clause, Petitioner's contention likewise fails. The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life of limb." The clause protects against both multiple prosecutions as well as multiple punishments for the same offense. *See United States v. Halper*, 490 U.S. 4335, 440 (1989). Revocation of parole or probation does not violate the prohibition against double jeopardy. *See United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). The double jeopardy clause simply does not prohibit the Parole Commissioner from reconsidering or changing a revocation decision.

3

Moreover, Maryland law permits an administrative agency exercising judicial functions to "correct errors in its decisions caused by fraud, surprise, mistake or inadvertence…" *Schultze v. Mongomery County Planning Bd.*, 185 A. 2d 502, 504 (Md. 1962). In the instant case, no reconsideration of the decision of the commission was made; rather the day following the hearing a corrected order was issued delineating the findings of the commissioner as announced on the record at the hearing and correcting a clerical mistake. Such action did not violate the double jeopardy clause.

Having found no basis for federal habeas relief, the Petition for habeas corpus shall be denied in a separate order which follows.

_5/17/10_
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE